**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PATRICIA LAUTEN and NARGUESS NOOHI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMAL NUTRITION, LLC,<br><br>Defendant. | Case No. 26-cv-12047 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Primal Nutrition, LLC ("Primal Nutrition") hereby effects the removal of this action from the Circuit Court of DuPage County to the U.S. District Court for the Northern District of Illinois, Eastern Division.

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which: (1) the putative class exceeds 100 members; (2) at least one putative class member is diverse from at least one defendant; and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 93(a)(1) (providing that DuPage County is part of the Eastern Division of the Northern District of Illinois).

**FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS**

1. Plaintiffs filed this lawsuit in the Circuit Court of DuPage County on August 27, 2026. *See* Ex. 1 (State Court Complaint). Primal Nutrition executed a waiver of service on September 1, 2026 pursuant to Illinois Code of Civil Procedure § 2-213. *See* Ex. 2 (Waiver of Service).

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court case file is attached to this Notice of Removal and is incorporated by reference herein. The file includes all process, pleadings, and orders filed in this case, including the Complaint (Ex. 1) and all other documents filed in the state court (Ex. 3).

3. Plaintiffs allege that Primal Nutrition mislabels certain products as "made with Avocado Oil." *See* Compl. ¶¶ 7–8. Plaintiffs allege that this statement is false because a recent research paper revealed that some of these products "contained oils that were compositionally inconsistent with avocado oil" and that the products therefore "do not contain avocado oil" or "contain avocado oil that has been diluted with another oil." *Id.* ¶¶ 9–12.

4. Based on that theory of mislabeling, Plaintiffs assert claims against Primal Nutrition for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, common-law fraud, unjust enrichment, violations of the California False Advertising Law, Cal. Bus. & Prof. §§ 17500 *et seq.*, and violations of the California Unfair Business Practices Act, Cal. Bus. & Prof. §§ 17200 *et seq*. *See* Compl. ¶¶ 47–97.

5. Plaintiffs seek various remedies, including "[j]udgment in an amount to be determined at trial," injunctive relief, attorney's fees, and court and other litigation costs and pre- and post-judgment interest. *See* Compl. at 17–19 (Prayer for Relief in connection with Count I); *id.* at 19 (Prayer for Relief in connection with Count II); *id.* at 20–21 (Prayer for Relief in connection with Count III); *id.* at 20–21 (Prayer for Relief in connection with Count IV); *id.* at 23 (Prayer for Relief in connection with Count V); *id.* at 24–28 (Prayer for Relief in connection with Count VI). Plaintiffs seek these remedies on behalf of a putative nationwide class including "[a]ll persons within the United States who purchased the Products within five years prior to the filing

of the Complaint through the date of class certification," as well as subclasses of California, and Illinois consumers who purchased the products within the same period. *See id.* ¶¶ 41–43.

**REMOVAL IS PROPER UNDER CAFA**

6. CAFA provides federal courts with original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

7. CAFA expressly permits "any defendant" to remove a class action that satisfies the numerosity, minimal diversity, and amount-in-controversy requirements "without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b). In other words, CAFA abrogates the "forum defendant" rule, which ordinarily precludes removal "if any of the . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also First Bank v. DJL Props, LLC,* 598 F.3d 915, 917 (7th Cir. 2010) ("The function of the first 'any' in § 1453(b) is to establish that § 1441(b), which provides that a home-state defendant can't remove a diversity suit, does not apply.").

8. Under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). To meet its burden to show removal is proper, a defendant need only file a "'short and plain statement of the grounds for removal,'" which courts should consider under the "'same liberal rules . . . that are applied to other matters of pleading.'" *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578–79 (7th Cir. 2017) (citations omitted). Unless a plaintiff challenges removal, an assessment of the amount in controversy is based solely on the allegations of the complaint, rather than "evidentiary

submissions." *Dart Cherokee*, 574 U.S. at 84; *see also Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022) (noting that a removing defendant may "rely on the complaint's allegations" to satisfy the amount in controversy requirement under CAFA).

9. In other words, a defendant need not offer evidence to substantiate the amount in controversy; rather, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Roppo*, 869 F.3d at 579 (explaining that a "preponderance of the evidence" standard applies only after "the plaintiff challenges the defendant's amount in controversy allegation") (citations and internal quotation marks omitted).

**Plaintiffs Have Alleged That the Putative Class Is Sufficiently Numerous**

10. Plaintiffs purport to bring this action on behalf of "[a]ll persons within the United States who purchased the Products within five years prior to the filing of the original Complaint through the date of class certification." Compl. ¶ 41. According to Plaintiffs, this putative class includes "hundreds, if not thousands of individuals in the United States . . . who purchased the [P]roducts within the applicable statute of limitations period." *Id.* ¶ 44(a).

11. Although Primal Nutrition does not concede the truth of Plaintiffs' allegations, those allegations establish that the putative class has over 100 members and satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

**The Parties Are Minimally Diverse**

12. CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see*

*Toulon v. Continental Cas. Co.*, 877 F.3d 725, 732 (7th Cir. 2017) (noting that "CAFA requires only 'minimal diversity'").

13. The named Plaintiffs in this case, Patricia Lauten and Narguess Noohi, are citizens of Illinois and California, respectively. *See* Compl. ¶¶ 2–3. Plaintiffs seek to represent a putative class consisting of "[a]ll persons within the United States who purchased the Products within five years prior to the filing of the original Complaint through the date of class certification." *Id.* ¶ 41.

14. Primal Nutrition is a Delaware limited liability company. Its sole member is Kraft Heinz Foods Company, which is a Pennsylvania limited liability company. Kraft Heinz Foods Company's sole member is Kraft Heinz Intermediate Corporation II, which is a Delaware corporation with its principal place of business in Chicago, Illinois. Primal Nutrition, LLC is therefore a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Mut. Assignment & Indem. Co. v. Lind-Waldock & Co.*, 364 F.3d 858, 861 (7th Cir. 2004) ("[A] limited liability company . . . is a citizen of every state in which any member is a citizen; this may need to be traced through multiple levels if any of its members is itself a partnership or LLC.").

15. Because at least one of the named Plaintiffs and many members of the putative nationwide class are citizens of a state other than Delaware and Illinois, this case satisfies CAFA's minimal diversity requirement. *See* 28 U.S.C. § 1332(d)(2)(A) (extending jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1003–04 (7th Cir. 2019) (finding minimal diversity satisfied where at least one class member was a citizen of a different state than the defendant).

**There Is at Least $5,000,000 in Controversy**

16. To satisfy the amount-in-controversy requirement, a defendant must establish only that the amount in controversy *could* exceed the jurisdictional amount. *See Spivey v. Vertue, Inc.*, 528 F.3d 982, 985–86 (7th Cir. 2008). "A removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold,'" but instead must show "'what the stakes of the litigation *could be* . . . [and] what they *are* given the plaintiff's actual demands.'" *Id.* at 986 (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 449 (7th Cir. 2005)); *see Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012) (holding that it is "sufficient" to "provide[] a good-faith estimate that plausibly explains how the stakes exceed $5 million").

17. In other words, the amount in controversy inquiry "concerns what the plaintiff is claiming," not whether he is "likely to win or be awarded everything he seeks." *Spivey*, 528 F.3d at 986. For that reason, the Seventh Circuit has advised that it is "critical for courts to focus on the phrase 'in controversy' and to remember the difference between even highly unlikely results and truly impossible results, and to avoid prematurely trying the merits of the case in deciding jurisdiction." *Schutte*, 28 F.4th at 854. "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberg v. Serv. Corp. Intern.*, 639 F.3d 761, 764 (7th Cir. 2011); *see also ABM Sec. Serv., Inc. v. Davis*, 646 F.3d 475, 478–79 (7th Cir. 2011) (reversing district court's remand of case to state court where district court "failed to satisfactorily explain why it was legally impossible" for amount in controversy to have exceeded $5 million).

18. Without conceding any merit to Plaintiffs' allegations, causes of action, or claims for relief, the amount placed in controversy by their complaint satisfies CAFA's jurisdictional threshold.

19. Plaintiffs allege that Primal Nutrition mislabels the products with the phrase "made with Avocado Oil," even though those products allegedly contain oils other than avocado oil. *See* Compl. ¶¶ 7–11. Based on those allegations, Plaintiffs assert claims on behalf of "[a]ll persons within the United States who purchased the Products within five years prior to the filing of the original Complaint through the date of class certification," which allegedly includes "hundreds, if not thousands of individuals in the United States . . . who purchased the [P]roducts within the applicable statute of limitations period." *Id.* ¶¶ 41, 44. In other words, Plaintiffs' allegations place in controversy all sales of the Products in the United States at least since August 27, 2021.

20. Primal Nutrition has access to United States retail scan data through Circana (formerly IRI), which reflects that nationwide retail sales of the products at issue during the putative class period exceed $5 million. Because Plaintiffs have brought a count for unjust enrichment and seek restitution of the money spent by consumers who purchased those products, Plaintiffs' allegations, taken as true solely for purposes of the instant analysis, place more than $5 million in retail sales of the Products in controversy. *See Schutte*, 28 F.4th at 855 (affirming denial of remand and observing that the defendant was "entitled to take at face value the complaint's allegation of several thousand class members, each with multiple separate claims") (internal quotations omitted); *ConFold Pac., Inc. v. Polaris Indus., Inc.*, 433 F.3d 952, 957 (7th Cir. 2006) (observing synonymous nature of unjust enrichment and restitution).

21. Additionally, Plaintiffs assert that their alleged "injuries, harm, and damages" include "the loss of money spent on products they did not want to buy." Compl. ¶ 61. In other words, Plaintiffs allege that their damages include at least the amount of money that consumers spent purchasing the Products at issue—a sum that exceeds $5 million. *See Spivey*, 528 F.3d at 985–86 (amount in controversy requirement met where the plaintiff's complaint put at issue "the

propriety of all of [the defendant's charges]," which exceeded $5 million, and because the complaint "demands refunds for all unauthorized charges").

22. Plaintiffs also seek to require Primal Nutrition to bear the cost of "notify[ing] all members of the Class . . . of the unlawful, unfair, deceptive, and unconscionable conduct herein." Compl. at 18–20, 23, 28 (Prayers for Relief).

23. "When equitable relief is sought, such as an injunction or declaratory judgment, the amount in controversy is measured by the value of the object of the litigation." *White v. Playphone, Inc.*, 2009 WL 499103, at *3 (W.D. Wis. Feb. 27, 2009) (citation and internal quotation marks omitted). The amount in controversy therefore includes "'the cost a defendant incurs in complying with injunctive relief'"—*i.e.*, the cost of a corrective advertising campaign. *Home Depot, Inc. v. Ricker*, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting *Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)); *see Roppo*, 869 F.3d at 580 (noting that parties can establish the amount in controversy based on what "compliance with an injunction would cost the defendant") (citation and internal quotation marks omitted).

24. These costs would be substantial. In fact, it is entirely possible that the cost of notifying each person in the United States who purchased any of the products at issue over the last five years alone could approach $5 million. *See, e.g.*, *Fefferman v. Dr. Pepper Snapple Grp., Inc.*, No. 13-160, 2013 WL 12114486, at *3 (S.D. Cal. Mar. 12, 2013) (noting that, "[i]n total, the corrective advertisement campaign would cost Defendants approximately $4,985,000").

25. Therefore, when aggregated, the value of the relief Plaintiffs seek readily exceeds CAFA's $5 million threshold. *See Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (directing district courts to "add[] up the value of the claim of each person who falls within the definition of [the] proposed class" to ascertain the amount in controversy under CAFA); *Roppo*,

869 F.3d at 578 (noting that jurisdiction under CAFA exists where there is more than "$5 million in controversy in the aggregate").

## REMOVAL IS TIMELY

26. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days of service of the summons and complaint.

27. Service was effective as of September 1, 2026, when Primal Nutrition executed a waiver of service. *See* Ex. 2. Because Primal Nutrition filed this Notice of Removal less than thirty days thereafter, it is timely.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

28. Venue is proper in this Court because Plaintiffs filed their complaint in the Circuit Court of DuPage County. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 93(a)(1) (providing that DuPage County is part of the Eastern Division of the Northern District of Illinois).

29. No attorneys for Primal Nutrition have entered an appearance or filed any pleadings or other papers responding to the Complaint in the Circuit Court.

30. Pursuant to 28 U.S.C. § 1446(d), Primal Nutrition will promptly give written notice of the filing of this Notice of Removal to Plaintiffs and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the Circuit Court of DuPage County and serve it on all parties.

## CONCLUSION

WHEREFORE, Primal Nutrition gives notice of the removal of this action from the Circuit Court of DuPage County to the United States District Court for the Northern District of Illinois.

Dated: September 30, 2026

Respectfully submitted,

By: *<u>/s/ Dean N. Panos</u>*

Dean N. Panos
dpanos@jenner.com
Steven J. Tinetti
stinetti@jenner.com
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-2765
Facsimile: (312) 527-0484
dpanos@jenner.com

Alexander M. Smith
asmith@jenner.com
Jenner & Block LLP
2029 Century Park East #1450
Los Angeles, CA 90067
Telephone: (213) 239-2262
Facsimile: (213) 239-5199
asmith@jenner.com

Attorneys for Defendant
Primal Nutrition, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed on September 30, 2026 with the Clerk of the Court by using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

Dated: September 30, 2026

By: /s/ Dean N. Panos
Dean N. Panos