# EXHIBIT 1

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 39726485
2026LA001217
FILEDATE: 8/27/2026 1:39 PM
Date Submitted: 8/27/2026 1:39 PM
Date Accepted: 8/27/2026 2:06 PM
ss

**IN THE CIRCUIT COURT OF DUPAGE COUNTY, ILLINOIS**
**LAW DIVISION**

| | |
|---|---|
| PATRICIA LAUTEN and NARGUESS NOOHI, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 2026LA001217 |
| v. | **CLASS ACTION COMPLAINT** |
| PRIMAL NUTRITION, LLC, | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiffs, PATRICIA LAUTEN and NARGUESS NOOHI ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, and for their Class Action Complaint against the Defendant, PRIMAL NUTRITION, LLC ("Defendant"), Plaintiffs allege and state as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq*., False Advertising Law (Cal. Business & Professions Code §§ 17500 *et seq*., Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq* common law fraud, and unjust enrichment, resulting from the illegal actions of Defendant, in intentionally labeling its Products as made with avocado oil, when they actually contain a diluted or substituted oil. Plaintiffs alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## PARTIES

2. Plaintiff Patricia Lauten is an individual who resides in Lombard, Illinois.

3. Plaintiff Narguess Noohi is an individual who resides in Los Angeles County, California.

4. Defendant is a Delaware limited liability company, whose principal place of business is located in Chicago, Illinois.

5. At all times relevant hereto, Defendant was engaged in the marketing and sale of consumer food products.

## FACTS COMMON TO ALL COUNTS

6. Defendant advertises, markets, sells, and distributes consumer food products throughout Illinois, California, and the United States.

7. During the Class Period Defendant sold its Primal Kitchen Real Mayonnaise made with Avocado Oil, Primal Kitchen Oil and Vinegar dressing and marinade made with Avocado Oil, and Primal Kitchen Italian dressing and marinade made with Avocado Oil, products (the "Studied Products") labeled, marketed, and advertised as made with Avocado Oil but which contained a diluted or substituted oil.

8. On information and belief, Defendant engaged in the exact same mislabeling with regard to all of its products labeled and advertised as "made with Avocado Oil", the ("Class Products") including:

a. Real Mayonnaise;

b. Oil and Vinegar Dressing and Marinade;

c. Italian Dressing and Marinade;

d. Original Buffalo Sauce;

e. Ranch Dressing and Marinade;

f. Caesar Dressing and Marinade;

g. Balsamic Dressing and Marinade;

h. Green Goddess Dressing and Marinade;

i. Honey Mustard Dressing and Marinade;

j. Sesame Ginger Dressing and Marinade;

k. Cilantro Lime Dressing and Marinade;

l. Greek Dressing and Marinade;

m. Dreamy Italian Dressing and Marinade;

n. Chicken Dippin Sauce;

o. Unsweetened pizza sauce;

p. Special Sauce;

q. Yum Yum Sauce;

r. Tartar Sauce;

s. Vodka Sauce;

t. Hot Buffalo Sauce;

u. Avocado Lime Sauce;

v. Plant Based Ranch Dressing and Marinade;

w. Buffalo Ranch Dressing and Marinade;

x. Poppy Seed Dressing and Marinade;

y. Mild and Sweet Buffalo Sauce;

z. Tzatziki Sauce;

aa. Garlic Aioli;

bb. Buttermilk Ranch Dressing;

cc. Creamy Sriracha Sauce;

dd. Creamy Cashew Alfredo;

ee. Creamy Romano Sauce;

ff. Polynesian Sauce;

gg. Roasted Garlic Sauce;

hh. Pesto Alfredo;

9. A study examined whether avocado oil listed as the sole edible oils in commercial chips, salad dressings, and mayonnaise had chemical profiles consistent with authentic avocado oils. [1]

10. Researchers extracted oil from 74 products purchased in 2025–2026 and compared their fatty-acid and sterol profiles with Codex Alimentarius standards. The Studied Products were included in that study, specifically as samples 41, 42, 43, 44, 61, and 62.

11. The study found that the Studied Products contained oils that were compositionally inconsistent with avocado oil.

12. Based on that study of Defendant's Studied Products, Defendant's Class Products either do not contain avocado oil, or contain a avocado oil that has been diluted with another oil.

13. Defendant does not disclose that the Class Products contain any other oils.

14. Instead, Defendant's Class Products are marketed as made with avocado oils and the ingredients lists of the Class Products do not disclose any other oil ingredients.

---

[1] Natalie Lopez-Alvarez et al., *Authenticity of Avocado and Olive Oils Used as Ingredients in Commercially Processed Foods*, 6 Applied Food Research 102389 (2026), https://doi.org/10.1016/j.afres.2026.102389

15. Furthermore, Defendant's website includes webpages for each of the Class Products where Defendant repeatedly emphasizes that the Class Products contain avocado oil instead of other oils.[2]

16. For example, on Defendant's webpage for its Mayonnaise made with Avocado Oil Defendant repeatedly uses phrases such as "good fats from avocado oil", and "Avocado oil is a delicious source of monounsaturated fats, aka good fats we love. We make our mayo with avocado oil, NOT soy or canola oil, because you deserve only the best."[3] These same statements are made on the webpages for many of the Class Products.

17. On August 13, 2026, Plaintiff Patrcia Lauten purchased a Primal Kitchen Mayonnaise made with Avocado Oil Studied Product from a Target located in Lombard, Illinois.

18. On January 31, 2024, Plaintiff Narguess Noohi purchased a Primal Kitchen Mayonnaise made with Avocado Oil Studied Product from a Sprouts Farmers Market in Los Angeles via Instacart.

19. When purchasing the Products, Plaintiffs read and relied upon the Product's labeling that stated the Products were made with avocado oil.

20. Plaintiffs purchased the Products, in lieu of other products, because Defendant labeled the Products as made with avocado oil.

21. Plaintiffs believed that the Products they purchased were made with Avocado Oil, not other oils, because Defendant labeled the Class Products as "made with Avocado Oil".

22. Plaintiffs, and reasonable consumers, understand that products labeled as made with avocado oil will not contain a substitute oil or diluted avocado oil.

---

[2] *Primal Kitchen*, https://www.primalkitchen.com (last visited Aug. 19, 2026).

[3] *Avocado Oil Mayo*, Primal Kitchen, https://www.primalkitchen.com/products/avocado-oil-mayo (last visited Aug. 19, 2026).

23. The following are pictures of the challenged labeling appearing on the Class Products:




MADE WITH AVOCADO OIL
PRIMAL KITCHEN
HONEY MUSTARD
DRESSING & MARINADE
AVOCADO OIL
MADE WITH AVOCADO OIL
PRIMAL KITCHEN
SESAME GINGER
DRESSING & MARINADE
AVOCADO OIL
MADE WITH AVOCADO OIL
PRIMAL KITCHEN
CILANTRO LIME
DRESSING & MARINADE
AVOCADO OIL
MADE WITH AVOCADO OIL
PRIMAL KITCHEN
GREEK
DRESSING & MARINADE
AVOCADO OIL
MADE WITH AVOCADO OIL
PRIMAL KITCHEN
DREAMY ITALIAN
DRESSING & MARINADE
AVOCADO OIL
PRIMAL KITCHEN
DIPPING SAUCE
CHICKEN DIPPIN'
AVOCADO OIL
NUGGETS, FRIES & MORE
NET WT 10 OZ (283 g)
PRIMAL KITCHEN
UNSWEETENED
PIZZA SAUCE
made with AVOCADO OIL
NO ADDED SUGAR
NET WT 16 OZ (1 LB) (453g)
PRIMAL KITCHEN
DIPPING SAUCE
SPECIAL SAUCE
AVOCADO OIL
BURGERS, FRIES & MORE
NET WT 10 OZ (283 g)


PRIMAL KITCHEN
DIPPING SAUCE
YUM YUM SAUCE
MADE WITH AVOCADO OIL
FOR STEAK, CHICKEN, & SHRIMP
NET WT 10 OZ (283 g)
MADE WITH AVOCADO OIL
PRIMAL KITCHEN
TARTAR SAUCE
MADE WITH AVOCADO OIL
NET WT 7.5 OZ (213 g)
PRIMAL KITCHEN
NO DAIRY
VODKA SAUCE
made with AVOCADO OIL
NO ADDED SUGAR
NET WT 23.5 OZ (1 LB 7.5 OZ) 667g
MADE WITH AVOCADO OIL
PRIMAL KITCHEN
HOT
BUFFALO SAUCE
MADE WITH AVOCADO OIL
PRIMAL KITCHEN
DIPPING SAUCE
AVOCADO LIME
MADE WITH AVOCADO OIL
FOR TACOS, BURRITOS & MORE
NET WT 10 OZ (283 g)
PLANT BASED
PRIMAL KITCHEN
PLANT BASED
RANCH
DRESSING & MARINADE MADE WITH AVOCADO OIL
8 FL OZ (236 mL)
MADE WITH AVOCADO OIL
PRIMAL KITCHEN
MILD
BUFFALO RANCH
DRESSING & MARINADE MADE WITH AVOCADO OIL
8 FL OZ (236 mL)
MADE WITH AVOCADO OIL
PRIMAL KITCHEN
POPPYSEED
DRESSING & MARINADE MADE WITH AVOCADO OIL
8 FL OZ (236 mL)


MADE WITH AVOCADO OIL
PRIMAL KITCHEN
MILD & SWEET
BUFFALO SAUCE
AVOCADO OIL
GRASS-FED DAIRY
PRIMAL KITCHEN
GRASS-FED DAIRY
TZATZIKI STYLE
AVOCADO OIL
PRIMAL KITCHEN
GARLIC AIOLI
REAL MAYONNAISE MADE WITH
AVOCADO OIL
NO SOY or CANOLA
SUGAR FREE
8.5 FL OZ (251 mL)
GRASS-FED DAIRY
PRIMAL KITCHEN
GRASS-FED DAIRY
BUTTERMILK RANCH
AVOCADO OIL
PRIMAL KITCHEN
DIPPING SAUCE
CREAMY SRIRACHA
AVOCADO OIL
VEGGIES, FRIES, or BURGERS
NET WT 10 OZ (283 g)
PRIMAL KITCHEN
NO DAIRY
CREAMY CASHEW
ALFREDO
made with AVOCADO OIL
NEW RECIPE
PASTA SAUCE
NET WT 16 OZ
GRASS-FED DAIRY
PRIMAL KITCHEN
GRASS-FED DAIRY
CREAMY ROMANO
AVOCADO OIL
PRIMAL KITCHEN
DIPPING SAUCE
POLYNESIAN SAUCE
AVOCADO OIL
TENDERS, FRIES & SANDWICHES
NET WT 11 OZ (312 g)




24. Persons, like Plaintiffs herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the contents of the Products.

25. By making false and misleading claims about the contents of its Products, Defendant impaired Plaintiffs' ability to choose the type and quality of products they chose to buy.

26. Therefore, Plaintiffs have been deprived of their legally protected interest to obtain true and accurate information about consumer products as required by law.

27. As a result of Defendant's fraudulent labeling, Plaintiffs and the Class Members have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products would be made with avocado oil.

28. As a result of Defendant's fraudulent labeling, Plaintiffs and the Class paid a price premium for premium Products, but instead received non-premium Products.

29. Plaintiffs and the Class Members purchased Defendant's Products because Defendant's advertising claimed that the Products were made with avocado oil.

30. Plaintiffs and the Class Members have been deprived of the benefit of their bargain, namely, that they would receive Products that were made with only avocado oil.

31. Plaintiffs and the Class members paid a price premium to receive premium products based on Defendant's "made with Avocado oil" labeling but instead received non-premium Products that contain diluted or substitute oil.

32. The avocado oil statement on the labels of the Class Products is material to reasonable consumers. Specifically, approximately 88% of surveyed consumers familiar with avocado oil consider avocado oil amongst the healthiest options for cooking oils.[4]

33. Products labeled as containing avocado oil generally command a higher price from consumers. For example, in the study of Avocado Oil products, avocado-oil mayonnaise cost $0.30–$1.63 per ounce versus $0.24–$0.75 for vegetable-oil mayonnaise.[5]

34. As a result of Defendant's use of the "made with avocado oil" label, Plaintiffs have paid more for the Class Products than they otherwise would have.

35. Plaintiffs were unaware that the Products contained diluted or substituted oil when they purchased them.

36. Defendant, and not Plaintiffs, the Class, or Sub-Class, knew or should have known that labeling, marketing, and selling the Products as made with avocado oil was false, deceptive,

---

[4] Maria Kalaitzandonakes, Brenna Ellison & Jonathan Coppess, *Fats in the MAHA Era: Consumer Perceptions of Common Cooking Fats*, farmdoc daily, Apr. 9, 2026, at 1, https://farmdocdaily.illinois.edu/2026/04/fats-in-the-maha-era-consumer-perceptions-of-common-cooking-fats.html.

[5] Natalie Lopez-Alvarez et al., *Authenticity of Avocado and Olive Oils Used as Ingredients in Commercially Processed Foods*, 6 Applied Food Research 102389 (2026), https://doi.org/10.1016/j.afres.2026.102389

and misleading, and that Plaintiffs, the Class, and Sub-Class members would not be able to tell the Products they purchased contained diluted or substitute oils unless Defendant expressly told them.

37. Producers of consumer products, like Defendant, use consumer product labeling to increase consumer demand for products based on the perceived features or benefits of the products thereby increasing the price producers can charge for their products and/or the quantity they can sell.

38. Defendant by including "made with avocado oil" labeling increased consumer demand for the Products by incentivizing consumers to purchase them to receive desirable product features.

39. However, as described above, the avocado oil in Defendant's Products has been diluted with another oil or has been substituted entirely, and consumers have been therefore deprived of that product feature. As a result, Defendant has been able to sell the Products at a greater price and/or in greater quantity than if Defendant did not include the challenged labeling, but without providing consumers with the promised product feature. Stated otherwise, Defendant coerced consumers to base their purchasing decision in material part on false claims, thereby fraudulently, deceptively, and unfairly increasing consumer demand for the product. Defendant profited from these acts by extracting additional funds from consumers than otherwise would not have been paid for Class Products, and also harmed competitors by luring would-be consumers of competitive products away from law-abiding products that were not so falsely advertised

40. As a result of Defendant's acts and omissions outlined above, Plaintiffs have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

a. Lost money;

b. Wasting Plaintiffs' time; and

c. Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

41. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within five years prior to the filing of the original Complaint through the date of class certification.

42. Plaintiff Patricia Lauten also brings this action on behalf of herself and all others similarly situated, as a member of the proposed sub-class (the "Illinois Sub-Class"), defined as follows

> All persons within the State of Illinois who purchased the Products within five years prior to the filing of the original Complaint through the date of class certification.

43. Plaintiff Narguess Noohi brings this action on behalf of herself and all others similarly situated, as a member of the proposed sub-class (the "California Sub-Class") defined as follows:

> All persons within the State of California who purchased the Products within four years prior to the filing of the original complaint through the date of class certification.

44. The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

a. Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the

State of Illinois who purchased the products within the applicable statute of limitations period.

b. There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

i. Whether Defendant disseminated false and misleading information by claiming the Products were made with avocado oil;

ii. Whether the Class and Sub-Class members were informed that the Products contained diluted or substitute oil;

iii. Whether the Products contained avocado oil or a substitute oil;

iv. Whether Defendant's conduct was unfair and deceptive;

v. Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

vii. Whether there should be a tolling of the statute of limitations; and

viii. Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c. Plaintiffs' claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d. Plaintiffs have no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Classes.

e. Plaintiffs will fairly and adequately protect the interests of the Class and the Sub-Classes and Plaintiffs have retained experienced and competent attorneys to represent the Class and the Sub-Classes.

f. This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

g. This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Classes members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy, Defendant will continue to benefit financially from such conduct.

h. Defendant has acted on grounds generally applicable to the entire Class and Sub-Classes, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Classes as a whole.

45. Defendant, its employees and agents are excluded from the Class and Sub-Classes. Plaintiffs do not know the number of members in the Class and Sub-Classes, but believe the

members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

46. The size and definition of the Class and Sub-Classes can be identified by Defendant's own records.

**COUNT I**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.***
**(On behalf of the Class and Illinois Sub-class)**

47. Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 46 above as if fully reiterated herein.

48. Plaintiff Patrcia Lauten is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

49. Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

50. 815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

51. Through its representation that the Products were made with avocado oil, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff Patrcia Lauten rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

52. 815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...
>
> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

53. In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

54. Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

55. By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as the Class and Illinois Sub-Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the Illinois Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order for injunctive relief prohibiting such conduct by Defendant in the future;

f. Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g. Any other relief deemed just and proper by this Court.

**COUNT II**
**COMMON LAW FRAUD**
**(On behalf of the Class and all Sub-classes)**

56. Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 46 above as if fully reiterated herein.

57. Through its false statements that the Products were "made with Avocado Oil" Defendant made false statements of material fact.

58. At the time Defendant made its statements to Plaintiffs that the Products were "made with Avocado Oil", it knew, or reasonably should have known, that the statements described above were false.

59. At the time Defendant made the statements to Plaintiffs, Defendant intended to induce Plaintiffs to purchase the Products.

60. Plaintiffs relied upon the truth of the statements described above and purchased the Products, only to find that the Products they purchased contained diluted or substitute oils.

61. As a result of their reasonable reliance upon Defendant's false statements of

material fact as set forth above, Plaintiffs and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiffs as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order for injunctive relief prohibiting such conduct by Defendant in the future;

f. Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g. Any other relief deemed just and proper by this Court.

**COUNT III**
**UNJUST ENRICHMENT**
**(On behalf of the Class and all Sub-Classes)**

62. Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 46 above as if fully reiterated herein.

63. Plaintiffs conferred monetary benefits to Defendant by purchasing the Products.

64. Defendant has been unjustly enriched by retaining the revenues derived from Plaintiffs' purchase of the Products based on the false statements that the Products were "made with Avocado Oil".

65. Defendant's retention of the revenue it received from Plaintiffs, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiffs, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid a premium price, if they knew the Products contained diluted or substitute oils.

66. Defendant's unjust retention of the benefits conferred on it by Plaintiffs, and the Class and Sub-Class members, entitles Plaintiffs, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiffs as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order for injunctive relief prohibiting such conduct by Defendant in the future;

f. Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g. Any other relief deemed just and proper by this Court.

**COUNT IV**
**VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING ACT**
**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**
**(On behalf of the Class and the California Sub-Class)**

67. Plaintiffs incorporate by reference each allegation set forth above in paragraphs 1 through 46.

68. Pursuant to California Business and Professions Code section 17500, *et seq*., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

69. California Business and Professions Code section 17500, *et seq*.'s prohibition against false advertising extends to the use of false or misleading written statements.

70. Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold the Products with labeling claiming the Products were "made with Avocado Oil" and made false representations to Plaintiffs and other putative class members in order to solicit these transactions.

71. Specifically, Defendant claimed the Products were "made with Avocado Oil" when the Products contained diluted or substitute oils.

72. Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiffs and other Class and Sub-Class Members.

73. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiffs and the other Class Members have suffered injury in fact and have lost money or property. Plaintiffs reasonably relied upon Defendant's fraudulent statements regarding the Products, namely that they did not know the Products contained diluted or substitute oils. In reasonable reliance on Defendant's omissions of material fact and false advertisements, Plaintiffs and other Class and Sub-Class Members purchased the Products. In turn Plaintiffs and other Class Members ended up with products that turned out to actually be different than advertised, and therefore Plaintiffs and other Class Members have suffered injury in fact.

74. Plaintiffs alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

75. Defendant advertised to Plaintiffs and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products were "made with Avocado Oil".

76. Defendant knew that the Class Products did in fact contain diluted or substitute oils.

77. Thus, Defendant knowingly sold Class Products to Plaintiffs and other putative class members that were not as advertised.

78. The misleading and false advertising described herein presents a continuing threat to Plaintiffs and the Class and Sub-Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiffs and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a. An order certifying the Class and the California Sub-Class and appointing Plaintiffs as Representative of the Class and the California Sub-Class;

b. An order certifying the undersigned counsel as the Class and California Sub-Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the California Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order for injunctive relief prohibiting such conduct by Defendant in the future;

f. Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g. Any other relief deemed just and proper by this Court.

**COUNT V**
**VIOLATIONS OF UNFAIR BUSINESS PRACTICES ACT**
**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**
**(On behalf of the Class and California Sub-Class)**

79. Plaintiffs incorporate by reference each allegation set forth above in paragraphs 1 through 46.

80. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

81. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiffs reserve the right

to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

82. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

83. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Class. Plaintiffs and members of the Class have suffered injury in fact due to Defendant's decision to sell them fraudulently labeled products (Class Products). Thus, Defendant's conduct has caused substantial injury to Plaintiffs and the members of the Class and Sub-Class.

84. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiffs and members of the Class that the Class Products were "made with Avocado Oil" in order to induce them to spend money on said Class Products. In fact, knowing that Class Products, by their objective terms contained diluted or substitute oils, unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiffs would receive from this feature is nonexistent, when this is typically never the case in situations involving consumer products. Thus, the injury suffered by Plaintiffs and the members of the Class and Sub-Class is not outweighed by any countervailing benefits to consumers.

85. Finally, the injury suffered by Plaintiffs and members of the Class and California Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendant, fraudulently labeled the Class Products as "made with Avocado Oil" the Plaintiffs, Class members, and Sub-Class Members suffered injury in fact due to Defendant's sale of Class

Products to them. Defendant failed to take reasonable steps to inform Plaintiffs and Class and Sub-Class members that the Class Products contained diluted or substitute oils and are not as advertised as a result. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the Class members to purchase the products. Therefore, the injury suffered by Plaintiffs and members of the Class is not an injury which these consumers could reasonably have avoided.

86. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

87. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

88. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

89. Here, not only were Plaintiffs and the Class and Sub-Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiffs agreed to purchase Class Products at a price premium even though the Products contained diluted or substitute oils. Plaintiffs' reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and

Plaintiffs. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

90. As explained above, Defendant deceived Plaintiffs and other Class Members by labeling the Products as "made with Avocado Oil" when in fact the Products contain diluted or substitute oils.

91. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

92. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

93. As explained above, Defendant deceived Plaintiffs and other Class Members by labeling the Products as "made with Avocado Oil" when in fact the Products contain diluted or substitute oils.

94. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiffs and Class and Sub-Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.

95. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiffs and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiffs and Class Members. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

96. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiffs and Class and Sub-Class Members to judgment and equitable relief against

Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiffs and Class and Sub-Class Members seek an order for public injunctive relief requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a. An order certifying the Class and the California Sub-Class and appointing Plaintiffs as Representative of the Class and the California Sub-Class;

b. An order certifying the undersigned counsel as the Class and California Sub-Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the California Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order for public injunctive relief prohibiting such conduct by Defendant in the future;

f. Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g. Any other relief deemed just and proper by this Court.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiffs prevail on any of their claims in this action.

RESPECFULLY SUBMITTED,

PATRCIA LAUTEN and NARGUESS NOOHI

Todd M. Friedman
Attorney for Plaintiffs
Illinois Attorney No. 6276496
Law Offices of Todd M. Friedman, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: (323) 306-4234
tfriedman@toddflaw.com

Steven G. Perry
Attorney for Plaintiffs
DuPage County Attorney No.: 343850
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
Phone: (224) 218-0875
Steven.perry@toddflaw.com

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**
**DU PAGE COUNTY, ILLINOIS**

PATRICIA LAUTEN and NARGUESS NOOHI,
PLAINTIFF

vs

PRIMAL NUTRITION, LLC,
DEFENDANT

2026LA001217
**CASE NUMBER**

# SUMMONS
## CIRCUIT COURT

☒ ORIGINAL ☐ ALIAS

File Stamp Here

To each defendant: Primal Nutrition, LLC, c/o: CT Corporation System, 208 S. LaSalle St., Ste 814, Chicago, IL 60604

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

You are a party to a civil matter. Read all documents attached to this Summons. Typically, this means you must file an official document with the court, within the time stated on this Summons, called an "Appearance" and a document called an "Answer/ Response". Note the Answer/Response is not required for small claims and eviction cases unless ordered by the court. If these documents are not filed on time the court may decide the case without hearing from you, and you could be held in default and lose the case.

Documents must be filed electronically with the court (e-filed), which requires an account be created with an Illinois e-filing service provider, see ilcourts.info/efiling. If you are unable to e-file, you can obtain an exemption that allows filing in-person or by mail.

You may be charged filing fees. If you are unable to pay them, you can file an Application for Waiver of Court Fees. A judge will rule on your eligibility for a fee waiver.

The court may allow you to attend the first court date in this case by videoconference. Visit 18thjudicial.org to find the Zoom link for this case on your court date. Contact the Circuit Court Clerk's office at (630)407-8700 for more information.

Need more help? Visit ilcourthelp.gov or call/text Illinois Court Help at (833)411-1121 for information about going to court, including how to fill out legal documents. Also, free legal information and referrals are available at illinoislegalaid.org. Document forms referred to in this Summons can be found at 18thjudicial.org or ilcourts.info/forms.

¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al (833)411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of remote appearance. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

Date of Service: ____________

To be inserted by officer on copy left with Defendant or other person.

Name Steven G. Perry ☐ Pro Se
DuPage Attorney Number: 343850
Attorney for: Plaintiffs Lauten and Noohi
Address: 555 Skokie Blvd., Suite 500
City/State/Zip: Northbrook, IL 60062
Telephone Number: 224-218-0875
Email: steven.perry@toddflaw.com

WITNESS: **CANDICE ADAMS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, at Wheaton, Illinois.

DATED: 8/27/2026 3:11 PM
KB

Candice Adams
Clerk of the Eighteenth Judicial Circuit

(Rev 3/24)

## SUMMONS RETURN

I certify that I served this summons on defendant as follows:

☐ (a) Individual - personal:
By leaving a copy and a copy of the complaint with each individual personally.

☐ (b) Individual - abode:
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of the family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode.

☐ (c) Corporate:
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation.

☐ (d) Other Service: ______________________________

☐ (e) Unable to Serve: ______________________________

Name of Defendant ____________________
Name of Person Summons Given to ____________________
Sex ______ Race ______ Approx. Age ______
Place of Service ____________________
City/State ____________________
Date of Service __________ Time ______

Name of Defendant ____________________
Name of Person Summons Given to ____________________
Sex ______ Race ______ Approx. Age ______
Place of Service ____________________
City/State ____________________
Date of Service __________ Time ______

---

Special Process Server of ______________________________
By ____________________ Illinois License Number ____________________

---

Sheriff of ____________________ County
By ____________________ Deputy Badge Number ____________________

Sheriff's Fees

Service and Return ........................................ $ __________
Miles __________ ........................................ $ __________
**Total** ........................................ $ __________